## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No.:** 0:19-CV-61292

JEREMY BLUMENAUER,
individually and on behalf of all
others similarly situated,

      **CLASS ACTION**

    Plaintiff,

      **JURY TRIAL DEMANDED**

v.

PETLAND, INC., and POOCHES OF
PINES, INC. d/b/a PETLAND
PEMBROKE PINES,

    Defendants.
_____/

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff JEREMY BLUMENAUER ("Plaintiff"), individually and on behalf of all others similarly situated, sues Defendant PETLAND, INC. ("Petland") and Defendant POOCHES OF PINES, INC. d/b/a PETLAND PEMBROKE PINES ("PL-PB") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and 28 U.S.C. 1332(d)(2).

2. Venue in this District is proper because Plaintiff resides here, PETLAND transacts business here, PL-PB transacts business here, and the complained conduct of Defendants occurred here.

## PARTIES

3. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Broward County, Florida.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

4. Petland is an Ohio corporation, with a principal office located at 250 Riverside Street, Chillicothe, Ohio 45601. Petland directs, markets, and controls its business in the United States.

5. PL-PB is a Florida corporation, with its principal place of business located in Broward County, Florida.

6. Petland is a national franchisor of consumer-grade pet food and pet supplies in the United States.

7. Petland provides franchises with point-of-sale equipment and devises that enable franchisees to communicate with cellular telephones by text messages. The text messages in question, as discussed below, were the result of the Defendants' collective utilization of said point-of-sale system to obtain individuals phone numbers and to, thereafter, engaging in a unlawful marketing text-message-based campaign.

8. Petland controls franchisees in the all-important task of marketing the business in the franchisee's territory. The planner provides marketing promotions, community service events and other cost-effective promotional ideas.

## DEMAND FOR JURY TRIAL

9. Plaintiff respectfully demands a trial by jury on all issues so triable.

## BACKGROUND FACTS

10. Petland, as the franchisor, provided and/or afforded PL-PB, as the franchisee, with equipment, software, hardware, and other products and services as part of an underlying franchise agreement between Petland and PL-PB.

11. The equipment, software, hardware, and other products and services provided and/or afforded to PL-PB by Petland included an automatic telephone dialing system ("ATDS"), of which has

PAGE | **2** of **8**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the current capacity or present ability to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

12. The ATDS provided and/or afforded to PL-PB by Petland enabled PL-PB to, among other things, send marketing text messages to Florida consumers at the direction of Petland and otherwise in accordance a marketing campaign organized, coordinated, maintained, and otherwise controlled by Petland. Plaintiff was sent, at minimum, two of these marketing text messages without Plaintiff's express consent.

13. Plaintiff received the subject text messages within this judicial district.

14. Below is a depiction of actual text messages received by Plaintiff from PL-PB, of which was sent at the direction of Petland and/or in accordance with a marketing campaign organized, coordinated, maintained, and otherwise controlled by Petland:



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15. Plaintiff received the subject text messages within this judicial district.

16. Petland and PL-PB caused other text messages to be sent to individuals residing within this judicial district.

17. At no point in time did Plaintiff provide either Petland or PL-PB with express consent to be contacted.

18. Plaintiff is the subscriber and sole user of the \*\*\*-\*\*\*-7472 phone number.

19. Defendants unsolicited text messages caused Plaintiff actual harm, including invasion of Plaintiff's privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

20. Defendants text messages inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

21. Some, if not all of the messages originated from the short-code "797979."

22. The impersonal and generic nature of the subject text messages, coupled with the fact that such text messages originated from a short-code, demonstrates that Defendants utilized an ATDS in transmitting these messages.

## CLASS ALLEGATIONS

23. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

24. Plaintiff brings this case on behalf of a Class defined as follows:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, received text message made through the use of any automatic telephone dialing system, from Petland, PL-PB, any other franchisee of Petland, or anyone on Petland's behalf, to said person's cellular telephone number, not for emergency purpose and without the recipient's prior express consent.**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

25. Defendants and their employees or agents, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

26. Upon information and belief, Defendants have placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

27. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

28. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

 (A) Whether Petland sent non-emergency text messages to Plaintiff's and Class members' cellular telephones using an ATDS;

 (B) Whether PL-PB, on behalf of and/or at the direction of Petland, sent non-emergency text messages to Plaintiff's and Class members' cellular telephones using an ATDS;

 (C) Whether Defendants can meet their burden of showing that prior express consent was obtained to make send such texts;

 (D) Whether Defendants conduct was knowing and willful;

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

      (E)      Whether Petland, directly or under a theory of vicarious and/or agency liability, and PL-PB are liable for damages, and the amount of such damages; and

      (F)      Whether Defendants should be enjoined from such conduct in the future.

29. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

30. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

31. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

32. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendants' wrongful conduct is too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

33. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. For example, one court might enjoin Defendants from performing the challenged acts, whereas another may not.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227(b)

34. Plaintiff re-alleges and incorporates paragraphs 1-33 as if fully set forth herein.

35. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system. The TCPA also specifically prohibits the use of an unsolicited text messages to advertise the sale of goods and services. 47 U.S.C. § 227(b)(1)(B); 47 C.F.R. § 64.1200.

36. Here, PL-PB, at the direction, command, and control of Petland, used equipment with the capacity to dial numbers without human intervention to send text messages to the cellular telephones of Plaintiff and the above defined Class. Said text messages were sent as part of a marketing campaign organized, coordinated, maintained, and otherwise controlled by Petland.

37. As stated above, the relationship between Petland and PL-PB is that of franchisor (Petland) and franchisee (PL-PB), of which is *typically* an arms-length business relationship; However, due to the nature, scope, and control Petland has over the text messages in question, as well as the command and control Petland has over the marketing of the Petland brand with its franchisees, under a theory of vicarious liability, Petland (as the respective principal) is liable for the resulting TCPA violations that arise as a result of the complained of text messages sent by PL-PB (as the respective agent) and/or any other franchisee of Petland.

38. The complained of text messages violate the TCPA and were otherwise negligently sent, or alternatively, willfully sent by Defendants despite prior knowledge of the TCPA.

39. **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants, providing the following relief:

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(A) Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

(B) A permanent injunction prohibiting Defendants from violating the TCPA in the future through text messaging cell phones using an automatic telephone dialing system and/or a prerecorded voice message;

(C) Any other relief the Court finds just and proper.

DATED: July 10, 2019

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail: tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540

*COUNSEL FOR PLAINTIFF*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 10, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259