UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:19-cv-61292-RKA

JEREMY BLUMENAUER, individually : 
and on behalf of all others similarly situated, :
:
      Plaintiff, :
:
v. :
:
PETLAND, INC., et al, :
:
      Defendants. :
_____:

**DEFENDANT PETLAND, INC.'S RESPONSE TO ORDER TO SHOW CAUSE**

Defendant, Petland, Inc. ("Petland"), hereby responds to the Court's Order to Show Cause dated July 19, 2019 (ECF No. 13) (the "Order"). Petland respectfully notes that it has filed a motion to dismiss demonstrating that Plaintiff's claims against Petland should be dismissed for lack of personal jurisdiction. (ECF No. 15.) This motion would be dispositive of all claims against Petland, in which case no stay would be necessary with respect to those claims. Further, the Federal Communications Commission's ("FCC") forthcoming guidance would not appear to have any bearing on the basis for Petland's jurisdictional motion to dismiss. Petland otherwise agrees with the response to the Court's Order filed by Pooches of Pines, Inc. (ECF No. 14.) There is good cause to stay and administratively close this case pending the FCC's anticipated guidance interpreting the statutory definition of an automated telephone dialing system ("ATDS").

**I.    ARGUMENT**

Jeremy Blumenauer ("Plaintiff") claims that Petland, along with Pooches of Pines, Inc. d/b/a Petland Pembroke Pines (the "Franchisee"), violated the Telephone Consumer Protection Act ("TCPA") by sending him marketing text messages using an ATDS without his consent.

(Amended Complaint [D.E. 10], at ¶¶ 11-12.) Plaintiff sues for statutory penalties of $500 to $1,500 per text message on behalf of himself and a putative class. (*Id*., at ¶ 39.) To succeed on this claim, Plaintiff must prove Petland and the Franchisee texted him using an ATDS and that he did not consent to the receipt of text messages.

Plaintiff initially alleged that Petland alone sent the subject text messages. (Complaint (ECF No. 1) at ¶ 29.) Petland responded by showing that it was not involved in sending, and did not direct the Franchisee to send, any text messages to the Plaintiff. (Motion to Dismiss Complaint ("Initial MTD") ((ECF No. 7).) Petland filed an unrefuted declaration in support of its Initial MTD. (Declaration of Dale Davis (ECF No. 7-2) (the "Declaration").) Rather than responding with evidence demonstrating a basis for jurisdiction over Petland, *see Diamond Crystal Brands, Inc. v. Food Movers Int'l*, 593 F.3d 1249, 1257 (11th Cir. 2010), Plaintiff filed an Amended Complaint based on new allegations that are directly contrary to those in the Declaration. Petland has since filed a Motion to Dismiss the Amended Complaint (ECF No. 15), once again directing the Court to the unrefuted allegations in the Declaration, which establish that Petland was not involved in the sending of the subject text message.

As the Court noted in the Order to Show Cause, United States District Judge Federico A. Moreno recently entered an Order staying another TCPA case filed against the Franchisee.[1] Specifically, Judge Moreno stayed the Fenwick Action—which alleges that the Franchisee violated the TCPA by sending the same text message alleged in this action—pending an FCC ruling that would clarify the definition of an ATDS. The Franchisee argued in the Fenwick Action that the plaintiff's case "turns on the definition of an" ATDS and if the FCC's interpretative

---

[1] *Fenwick v. Florida Poet Retailers, Inc. and Pooches of Pines, Inc. d/b/a Petland Pembroke Pines*, Case No. 19-cv-61080 (S.D. Fla.) (the "Fenwick Action"), Order on Motion to Stay (ECF No. 13).

guidance follows the statutory definition of an ATDS, the Franchisee would be entitled to summary judgment.  (*See* ECF No. 11 in Fenwick Action at pp. 2, 5.)  The same argument applies here.  Plaintiff's claim would be defeated in its entirety if the technology allegedly used to transmit these text messages does not constitute an ATDS.  The Court recently stayed another TCPA action on this basis.  *See Smith v. Curaleaf, Inc.*, Case No. 0:19-cv-60568-RKA, ECF No. 35 (S.D. Fla. entered June 11, 2019).

As Judge Moreno observed, the FCC is poised to issue interpretative guidance that will clarify the definition of an ATDS under the TCPA.  Because the anticipated decision may have a significant—likely dispositive—impact on the merits of Plaintiff's TCPA claims, a temporary stay pending the FCC's interpretive ruling: (1) will not unduly prejudice or tactically disadvantage the Plaintiff; (2) will likely simplify the issues that may need to be determined at a trial, namely whether the technology used to transmit the text messages constitutes an ATDS; and (3) is likely to reduce the burden of litigation, as the FCC's ruling may be dispositive of Plaintiff's claims.  *See Coatney v. Synchrony Bank*, No. 6:16-cv-389-Orl-22TBS, 2016 WL 4506315, at *1 (M.D. Fla. Aug. 2, 2016).  Additionally, a stay would be consistent with the primary jurisdiction doctrine.  *See Beach TV Cable Co., Inc. v. Comcast of Florida/Georgia*, 808 F.3d 1284, 1288 (11th Cir. 2015).

**II.     CONCLUSION**

Because Petland is not subject to personal jurisdiction in this action, a stay will not be necessary as to Petland if the Court grants Petland's Motion to Dismiss the Amended Complaint.  Petland respectfully submits that there is otherwise good cause for the Court to stay and administratively close this case pending the FCC's anticipated ruling that would clarify the definition of an ATDS.

Respectfully Submitted,

STUMPHAUZER FOSLID SLOMAN
ROSS & KOLAYA, PLLC
2 South Biscayne Boulevard
Suite 2550
Miami, FL  33131
Telephone:  (305) 371-9686
Facsimile:   (305) 371-9687

By:     /s/ *Ian M. Ross*
        IAN M. ROSS
        Florida Bar No. 091214
        iross@sfslaw.com
        ADAM M. FOSLID
        Florida Bar No. 0682284
        afoslid@sfslaw.com
        TIMOTHY A. KOLAYA
        Florida Bar No. 056140
        tkolaya@sfslaw.com
        docketing@sfslaw.com

*Attorneys for Defendant, Petland, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.



/s/ Ian M. Ross
IAN M. ROSS

## SERVICE LIST

*Blumenauer v. Petland, Inc.*
Case No. 0:19-cv-61292-RKA
United States District Court, Southern District of Florida

| | |
|---|---|
| Jibrael S. Hindi, Esq. | Matthew S. Sarelson, Esq. |
| Thomas J. Patti, Esq. | **KAPLAN, YOUNG & MOLL-PARRÓN** |
| **LAW OFFICE OF** | 600 Brickell Avenue, Suite 1715 |
| **JIBRAEL S. HINDI, PLLC** | Miami, Florida 33131 |
| 110 SE 6th Street | Telephone: (305) 330-6090 |
| Fort Lauderdale, FL 33301 | msarelson@kymplaw.com |
| Telephone: (954) 907-1136 | |
| jibrael@jibraellaw.com | *Counsel for Pooches of Pines, Inc. d/b/a* |
| tom@jibraellaw.com | *Petland Pembroke Pines* |

*Counsel for Plaintiff Jeremy Blumenauer*